UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SCHNEIDER ELECTRIC USA, INC.**,

    Plaintiff,

v.                                            Case No. 8:23-cv-225-WFJ-AEP

**SEVEN MILE RESORT HOLDINGS LTD** d/b/a **THE WESTIN GRAND CAYMAN SEVEN MILE BEACH RESORT & SPA**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Seven Mile Resort Holdings LTD's (the "Hotel") Motion for Partial Judgment on the Pleadings (Dkt. 33). Plaintiff Schneider Electric USA, Inc. ("Schneider") has responded in opposition (Dkt. 44), and the Hotel has replied (Dkt. 47). Upon due consideration, the Court denies the Motion.

## BACKGROUND

In late 2019, Schneider scheduled an event at the Hotel for June of the following year. Dkt. 1 at 4; Dkt. 23 at 4. Approximately six months later, the World Health Organization declared COVID-19 to be a global pandemic. Dkt. 1 at 4; Dkt. 23 at 5. Schneider consequently rescheduled the event for July of 2021 before rescheduling it again for July of 2022. Dkt. 1 at 4; Dkt. 23 at 5.

On February 22, 2021, Incentives Plus, Inc. ("Incentives Plus"), "on behalf of [Schneider] as a third-party beneficiary," entered into a contract with the Hotel (the "Agreement"), which was subsequently amended on November 23, 2021 (the "Amendment") (collectively, the "Hotel Agreements"). *See generally* Dkt. 1-1. The Hotel Agreements essentially provided that the Hotel would host Schneider's event at certain group rates. In addition, the Hotel Agreements contained force majeure and cancellation clauses. *Id.*

The Agreement's force majeure clause, which was unaltered by the Amendment, provided the following:

> The performance of this Agreement by either party, in part or in full, is subject to events or occurrences beyond their control such as, but not limited to, the following: . . . disease epidemics determined by advisory warnings from the Center for Disease Control (CDC), . . . curtailment of transportation services or facilities preventing attendees from attending, or a similar intervening cause beyond the control of either party making it illegal, impossible or commercially impracticable to hold the meeting at the HOTEL or to provide the services outlined in this agreement.
>
> Notwithstanding the Cancellation Clause above, either party may terminate, suspend or partially perform its obligations under this agreement without liability or further obligation by written notice to the other party if such obligations are delayed, prevented or frustrated by any of the above events, or similar event or occurrence, to the extent such events or occurrences is/are beyond the reasonable control of the party whose reasonable performance is prevented, made impracticable, or partially curtailed.

*Id.* at 8–9. The Amendment's cancelation clause, which altered the Agreement's cancelation clause, then provided that:

> In the event of a group cancellation occurring from time of signed contracts to arrival, liquidated damages in the amount of ninety (90) percent of the "Anticipated Room Night and Banquet Food and Beverage Revenue Figures" will be due, plus applicable taxes, service charges and resort charge. ($526,351.82).

*Id.* at 16.[1] Pursuant to the Hotel Agreements, Incentives Plus ultimately paid the Hotel a deposit of $526,351.82 on behalf of Schneider. Dkt. 1 at 5; Dkt. 23 at 6.

On May 3, 2022, Incentives Plus, once again on behalf of Schneider, notified the Hotel of an alleged force majeure occurrence and requested the deposit back. Dkt. 1 at 9. The Hotel nevertheless declined a refund. Dkt. 23 at 8. As a result, on February 2, 2023, Schneider brought the instant Complaint alleging breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), unjust enrichment in the alternative (Count III), and conversion in the alternative (Count IV). Dkt. 1 at 10–15.

On April 6, 2023, the Hotel filed its Amended Answer with affirmative defenses. Dkt. 23 at 1. Therein, the Hotel argues that Schneider does not have

---

[1] The Agreement's cancelation clause provided that:

> HOTEL must receive written notice for cancellation by Group. If a deposit is not received by the due dates, HOTEL may deem Group cancelled, in which case cancellation charges will be due by Group to HOTEL. Liquidated damages are payable to HOTEL within thirty (30) days of receipt of invoice.

> In the event of a group cancellation occurring from time of signed contract to arrival, liquidated damages in the amount of ninety (90) percent of the "Anticipated Room Night Revenue and Banquet Food and Beverage Revenue Minimum" will be due, plus applicable taxes, service charges and resort charge. ($500,487.05).

Dkt. 1-1 at 8.

3

standing under the Hotel Agreements, that there is no contractual privity between Schneider and the Hotel, and that Schneider cannot invoke the Agreement's force majeure provision. *Id.* at 14–18. The Hotel also apparently denies that there is a legally enforceable agreement between itself and Schneider generally. *Id.* at 9.

On November 27, 2023, the Hotel filed the instant Motion for Judgment on the Pleadings. Dkt. 33 at 1. The Hotel argues that "Counts II–IV cannot stand because, among other reasons, they are based on the same facts underlying Schneider's count for breach of contract." *Id.* at 2. Schneider disagrees. Dkt. 44.

## DISCUSSION

The Court will not dismiss Schneider's alternative claims at this stage. "Judgment on the pleadings is proper when—assuming that the well-pleaded facts in the non-movant's pleadings are true, and viewing the allegations in the light most favorable to the non-movant—no issues of material fact exist, and the moving party is entitled to judgment as a matter of law." *Ballard Hosp., LLC v. DGD Transp., LLC*, No. 1:18-CV-22556-JEM-AJ, 2019 WL 12372063, at *1 (S.D. Fla. Mar. 28, 2019) (citing *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)). Here, it is not clear that the Hotel is entitled to judgment as a matter of law on Counts II, III, and IV for multiple reasons.

Start with Schneider's implied covenant claim. "To allege a breach of the implied covenant, the party must demonstrate a failure or refusal to discharge

4

contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose" of the subject agreement. *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000). This is precisely what Schneider alleges in relation to the Hotel's refusal to refund the deposit under the Agreement's force majeure provision. Dkt. 1 at 12–13. Further, while this claim (Count II) might share a number of commonalities with Schneider's breach of contract claim (Count I), it is not duplicative to the point of redundancy. *See id.* (explaining that "a breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract"). Among other things, discovery might reveal that the Hotel interpreted the Agreement's force majeure provision differently from similar provisions in other contracts due to the size of Schneider's deposit. *See Mancini v. Rollins Coll.*, No. 6:16-CV-2232-ORL-37-KRS, 2017 WL 3088102, at *1343 (M.D. Fla. July 20, 2017) (declining to dismiss an implied covenant claim where it was similar the alleged breach was in contravention of policy and was more than "an honest mistake, bad judgment, or negligence").

The Court further declines to enter judgment as a matter of law on Counts III and IV. The Hotel disputes Schneider's standing to sue for breach of contract under Count I. *See* Dkt. 23 at 14–18. Thus, these are alternative theories of relief. Federal

5

Rule of Civil Procedure 8(d) allows plaintiffs to plead theories in the alternative where multiple bases for relief are plausible. *See E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv., Inc.*, No. 8:10-CV-1870-T-27AEP, 2011 WL 4343790, at *5 (M.D. Fla. Aug. 10, 2011), *report and recommendation adopted,* No. 8:10-CV-1870-T-27AEP, 2011 WL 3841631 (M.D. Fla. Aug. 30, 2011). Moreover, courts have long recognized that "it is customary to join claims for unjust enrichment and express contract in a single complaint . . . so that a plaintiff who fails to prove the existence of an express contract may still recover[.]" *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1287 (S.D. Fla. 2021) (internal quotation marks and citations omitted). Entering judgment against Schneider's alternative claims would therefore be inappropriate at this stage.

Finally, the Court notes that, in certain circumstances, money can be the subject of a conversion claim. *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. Dist. Ct. App. 2002) ("To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified."). Material issues of fact exist concerning whether this is one of those situations. The Hotel may reassert its arguments against all these claims upon a developed record.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

6

(1) The Hotel's Motion for Partial Judgment on the Pleadings (Dkt. 33) is

**DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 22, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record